(No. 1136—Claimant awarded $1,800.00.)

JACOB JUDNICK, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 29, 1927.*

GOVERNMENTAL FUNCTION—*State Penitentiary at Statesville.* The State in conducting its State Penitentiary at Statesville exercises a governmental function and is not liable for injuries sustained by its employees therein, while in the performance of their duty.

EQUITY AND GOOD CONSCIENCE—*award may be made.* Where an employee of the State is engaged in a hazardous and dangerous employment, an award will be made to him for injuries sustained and compensation fixed according to the provisions of the Workman's Compensation Act.

JOHN L. WALKER, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears from the records in this case that claimant was.

on the 5th day of May, A. D. 1926, employed as a guard at the Illinois State Penitentiary located at Statesville, Illinois. On that day he was stationed outside of the door of the deputy warden's office at said institution. On the forenoon of that day, while performing his duties as such guard, he heard a violent commotion in the reception room, or otherwise known as the deputy warden's office. He opened the door and found the deputy warden's body on the floor, the said deputy warden having been violently attacked by six convicts, who killed him. This guard immediately tried to quell the disturbance, and that he was struck over the left arm by a sharp instrument, beaten around the body and struck on the forehead with a sharp instrument by said convicts and that he was rendered unconscious. Claimant seeks to recover $2,500.00 for his injuries.

It is the opinion of this court that there is no legal liability on the part of the State. However, as a matter of equity and good conscience, it is the opinion of the court that this claim should be considered. There is no question as to the fact of claimant being injured in the course of his regular employment, and the evidence shows that he was engaged in a hazardous occupation and that he was in grave danger when he was injured from the attack of these convicts. However, this court, as a matter of precedent and statute, must follow the Workmen's Compensation Act in measuring damages. It does not appear from the evidence that there is any permanent injury other than that of nervousness, which, of course, is a serious situation if it would continue. We assume from the testimony that this condition came from a shock and it is problematical as to how long it will continue.

It is the opinion of the court that, taking into consideration all the evidence and keeping in mind the rules of the Workmen's Compensation Act, the amount asked by the claimant exceeds that amount which should be allowed in this case. However, it is the policy of the court to be fair to the employees of the State, particularly those who are engaged in dangerous employment and therefore the court recommends the allowance to claimant of $1,800.00.